Filed 6/15/22  P. v. Sams CA5
Opinion following transfer from Supreme Court

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>VANCE EUGENE SAMS, JR.,<br><br>  Defendant and Appellant. | F080738<br><br>(Super. Ct. No. F14906439)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Timothy A. Kams, Judge.

Charles M. Bonneau, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Sally Espinoza, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Levy, J. and Detjen, J.

# INTRODUCTION

This case is before us for the third time after a jury found defendant Vance Eugene Sams, Jr., guilty of second degree murder (Pen. Code,[1] § 187, subd. (a)) and found that he personally and intentionally discharged a firearm in the commission of the offense (§ 12022.53, subd. (d)).  For the offense of murder, defendant was sentenced to a term of 15 years to life, with a consecutive term of 25 years to life for the firearm enhancement.

In his first appeal, we affirmed the judgment but remanded for the trial court to make corrections to the abstract of judgment and to consider whether to exercise its newly afforded discretion to strike or dismiss the firearm enhancement (§ 12022.53, subd. (h)) under Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682, § 2). (*People v. Sams* (June 26, 2019, F074751) [nonpub. opn.] (*Sams*).)[2]  On remand, the trial court declined to strike the firearm enhancement.

In his second appeal, defendant asserted the trial court was unaware it possessed discretion to replace the firearm enhancement imposed pursuant to section 12022.53, subdivision (d) with a lesser included, uncharged firearm enhancement under section 12022.53, subdivision (b) or (c).  Defendant argued remand was necessary for the court to exercise its discretion as to whether to impose a lesser included firearm enhancement.

In our second opinion, we held that section 12022.53, subdivision (h) does not permit a court to impose a lesser firearm enhancement that was not charged or found true by the jury.  Accordingly, we affirmed.

The California Supreme Court granted defendant's petition for review (S269706). The state high court thereafter issued its opinion in *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*), holding that the discretion afforded by section 12022.53, subdivision (h)

---

[1] Undesignated statutory references are to the Penal Code.

[2] We grant defendant's "Request to Take Judicial Notice" (boldface & some capitalization omitted) filed May 21, 2020, and take judicial notice of our nonpublished opinion in *Sams*, *supra*, F074751.  (Evid. Code, §§ 452, subd. (a), 459, subd. (a).)

permits a trial court to strike a section 12022.53 enhancement and impose a lesser, uncharged firearm enhancement (*Tirado*, at p. 700). The high court then transferred the instant matter to us with directions to vacate our opinion and reconsider the cause in light of *Tirado*.

Pursuant to the California Supreme Court's order, we vacated our prior opinion and we now reconsider the cause in light of *Tirado*. We remand for the trial court to exercise its discretion pursuant to section 12022.53, subdivision (h).

## BACKGROUND

On July 4, 2014, defendant fatally shot Raymond Fisher outside Fisher's former father-in-law's residence. At the time, defendant was in a dating relationship with Fisher's ex-wife. (*Sams*, *supra*, F074751.)

On October 21, 2016, a jury found defendant guilty of second degree murder (§ 187, subd. (a)) and found true the allegation that he personally and intentionally discharged a firearm in the commission of the offense (§ 12022.53, subd. (d)).

On November 22, 2016, the trial court sentenced defendant to a term of 15 years to life for second degree murder, with a consecutive term of 25 years to life for the firearm enhancement, for an aggregate sentence of 40 years to life.

Defendant appealed and, on June 26, 2019, this court issued its opinion in defendant's direct appeal. (*Sams*, *supra*, F074751.) Therein, we affirmed the judgment, but remanded for the trial court to exercise its discretion to consider striking the firearm enhancement pursuant to section 12022.53, subdivision (h). We also ordered corrections to the abstract of judgment and the issuance of an amended abstract reflecting those corrections and the result of resentencing, if applicable. (*Sams*, *supra*, F074751.)

Pending remand, defendant filed in the trial court a series of documents in propria persona, only some of which related to resentencing.

On January 13, 2020, defense counsel filed an "Invitation to Strike Penal Code Section 12022.53 Gun Enhancement." (Some capitalization omitted.) Therein, defense

counsel requested that the firearm enhancement be stricken, but did not suggest a lesser firearm enhancement could be imposed under section 12022.53, subdivision (b) or (c).

The matter was heard on January 16, 2020, and, following the presentation of argument and evidence, the court denied the request to strike the firearm enhancement as follows:

> "It is clear to me that the court is obligated to consider all attendant circumstances of this case. [Defendant] is deserving of that consideration. The court notes that [defendant] has done some positive things in prison, and I encourage you to continue those endeavors. The [A]ttorney [G]eneral previously, now the People today, have argued that there are no mitigating circumstances pertaining to this case. What truly stands out to the court and what guides the court is that this occurred in broad daylight, in a residential neighborhood, and for no discernible good reason. Based on those facts primarily, and the in fact that there, in this court's view, no mitigating circumstances, the court respectfully denies the defendant's invitation to strike the gun enhancement."

On January 22, 2020, the court filed an abstract of judgment that reimposed the original aggregate term of 40 years to life.

A timely appeal followed. As previously stated, after our second review we affirmed.

## DISCUSSION

Section 12022.53 sets out three separate sentencing enhancements for the personal use of a firearm in the commission of certain enumerated felony offenses: subdivision (b) provides for a 10-year enhancement for the personal use of a firearm; subdivision (c) provides for a 20-year enhancement for the personal and intentional discharge of a firearm; and subdivision (d) provides for a 25-year-to-life enhancement for the personal and intentional discharge of a firearm causing great bodily injury or death. (*Tirado*, *supra*, 12 Cal.5th at p. 695.) Prior to January 1, 2018, section 12022.53, subdivision (h) prohibited trial courts from striking section 12022.53 enhancements. (*Tirado*, at p. 695.) However, Senate Bill No. 620 (2017-2018 Reg. Sess.) removed this prohibition. (*Tirado*,

4.

at p. 696; Stats. 2017, ch. 682, § 2.) "Section 12022.53[, subdivision (h)] now provides that a "court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section." (*Tirado*, at p. 696.) Our Supreme Court has recently held that the discretion to strike or dismiss an enhancement includes the discretion to impose a lesser included, uncharged enhancement. "When an accusatory pleading alleges and the jury finds true the facts supporting a section 12022.53[, subdivision ](d) enhancement, and the court determines that the section 12022.53[, subdivision ](d) enhancement should be struck or dismissed under section 12022.53[, subdivision ](h), the court may, under section 12022.53[, subdivision ](j), impose an enhancement under section 12022.53[, subdivision ](b) or (c)." (*Tirado*, at p. 700.)

A court's decision whether to strike or dismiss an enhancement pursuant to section 1385 is reviewed for abuse of discretion. (See *Tirado*, *supra*, 12 Cal.5th at p. 694; see also *People v. Carmony* (2004) 33 Cal.4th 367, 378.) " 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) Thus, "an abuse of discretion occurs where the trial court was not 'aware of its discretion' to dismiss." (*Carmony*, at p. 378.)

Here, defendant contends the trial court was unaware that section 12022.53, subdivision (h) afforded it discretion to strike the section 12022.53, subdivision (d) enhancement, and to instead impose a lesser enhancement under section 12022.53, subdivision (b) or (c). Accordingly, he requests a remand for the court to exercise such authority. Although afforded an opportunity to provide supplemental briefing on this point, the People have not done so. We agree with defendant that the court appears to have been unaware it possessed the discretionary authority to impose a lesser uncharged

5.

enhancement. Furthermore, we cannot conclude the trial court necessarily would have imposed the same sentence had it been aware of the scope of its discretion. (See *People v. Gutierrez, supra*, 58 Cal.4th at p. 1391.) Accordingly, we must remand for the trial court to determine whether to strike the section 12022.53, subdivision (d) enhancement and to impose a lesser, uncharged enhancement.

Defendant also contends that, on remand, the trial court may strike the section 12022.53, subdivision (d) enhancement and instead impose a lesser uncharged enhancement pursuant to section 12022.5, subdivision (a). Section 12022.5, subdivision (a) sets out an enhancement for the personal use of a firearm in the commission or attempted commission of any felony, and provides for a three-, four-, or 10-year sentencing enhancement, unless the use of a firearm is an element of the underlying offense. (§ 12022.5, subd. (a).)

Pursuant to *Tirado*, a court may impose a lesser uncharged enhancement so long as "the existence of facts required by the relevant subdivision has been alleged and found true." (*Tirado, supra*, 12 Cal.5th at p. 702.) We therefore agree with defendant that the language and reasoning of *Tirado* afford the trial court discretion to impose any lesser included uncharged enhancements, including those under section 12022.5, subdivision (a), so long as the factual elements for those lesser included enhancements were alleged in the information and found true by the jury. (See *Tirado*, at p. 702; see also *id.*, at pp. 697-699 [citing with approval to cases which involved imposition of a lesser included enhancement not listed in the enhancement statute that was charged].)

On remand, the trial court shall exercise its sentencing discretion consistent with *Tirado*.[3] We express no opinion as to the outcome of such proceedings.

---

[3] Defendant also argues recent amendments to section 1385 (see Sen. Bill No. 81 (2021-2022 Reg. Sess.), Stats. 2021, ch. 721) will guide the court's exercise of discretion on remand. He further argues that recent amendments to section 1170 (see Assem. Bill No. 124 (2021-2022 Reg. Sess.), Stats. 2021, ch. 695) will guide the court's choice of sentence should the court decide to impose sentence under section 12022.5,

## **DISPOSITION**

The matter is remanded for the trial court to exercise its discretion pursuant to section 12022.53, subdivision (h) in accordance with *Tirado*, *supra*, 12 Cal.5th 688. In all other respects, the judgment is affirmed.

---

subdivision (a). On remand, the trial court will be permitted to exercise its discretion within the bounds of the law in effect at the time of the further proceedings. As of now, issues concerning defendant's entitlement to relief, if any, under changes in the law that occurred after he was sentenced and that are not addressed in this opinion, are not ripe for our consideration.

Lastly, defendant argues the trial court should find factors in mitigation pursuant to California Rules of Court, rule 4.423(a)(3). While we agree that the trial court is bound by the California Rules of Court on remand, this contention is not properly before us. (California Rules of Court, rule 8.200(b)(2) [supplemental briefs after transfer from Supreme Court are limited to matters arising after the previous Court of Appeal decision].)